## Collello v. Darras et al.

*Negligence—Parent and child—Possession of air-gun by child—Statement of claim—Act of May 14, 1915.*

1. In an action against a father to recover damages for personal injuries alleged to have been caused by the negligent act of his minor son in the use of an air-gun, a statement of claim is insufficient which merely alleges that defendant "negligently and knowingly permitted his son to possess and use" the air-gun in question, without giving the age of the son or other particulars of the accident.

2. Under the Practice Act of May 14, 1915, P. L. 483, the appropriate remedy for lack of specification of facts in a statement of claim is a motion to strike it off.

Statutory demurrer to statement of claim. C. P. Washington Co., May T., 1918, No. 227.

*Hughes & Hughes* and *Lloyd O. Hart,* for plaintiff.

*Acheson & Crumrine,* for defendant.

BROWNSON, J., Oct. 1, 1921.—The statement of claim as originally filed averred that the plaintiff was injured in consequence of the negligent and reckless use by a minor son of the defendant of an air-gun or rifle, a bullet discharged therefrom having struck the plaintiff in or about his eye. No averment of any act of negligence on the part of the defendant was made, and the only thing stated to connect him in any way with the injury was the mere fact that he is the father of the minor who did the shooting. It is clear that this statement of claim was demurrable as not showing any legal ground for holding the defendant liable, and that, if it had remained unamended, judgment would have had to be entered in defendant's favor upon the statutory demurrer.

When the case came up for argument, the plaintiff amended the statement by adding the averment that the defendant, for a considerable time previous to the injury, negligently and knowingly permitted his son to possess and use said air-gun, and that this was the cause of the injury received by the plaintiff. In view of this attempted charge of negligence against the defendant, we do not consider that final judgment should now be entered in defendant's favor, although we think that the averment of negligence is too vague to comply with the Practice Act of May 14, 1915, P. L. 483, according to the true intent and meaning thereof. The statement of claim ought to aver the facts with as much definiteness as would be done in a bill of particulars: Enlow *v.* National Bank, 1 Wash. Co. Reps. 5, 8. It should show how and wherein negligence was committed. To say merely that permitting the son to have and use a gun was negligent, without stating the facts which are claimed to have caused it to amount to negligence, seems to us to be the statement of a conclusion rather than a definite averment of fact. It was held in Archibald *v.* Jewell, 70 Pa. Superior Ct. 247, that permitting a child to possess, control and use a gun may be pronounced negligence if the gun be not a mere toy, but a dangerous weapon, and the child be so young and immature as to be unfit to control such a weapon; but, on the other hand, it certainly could not be pronounced negligence, or even evidence of negligence, to permit a young man eighteen or twenty years old, of normal physical and mental development, who has never exhibited a reckless disposition, or the like, to have a rifle; and when the same act would be negligence in one state of facts, and not negligence in another state of facts, the statement of claim ought to aver specifically the concrete facts which are claimed to justify pronouncing it negligence in the particular case. Here, this is not done. For example, the statement is entirely silent as to the age of the defendant's minor son, and,

Collello *v.* Darras et al.

for all that it shows, he may have been twenty years old. But the appropriate remedy for the lack of a specification of the facts, whatever they may be, upon which the plaintiff bases his conclusion that it was negligence to permit this minor to have an air-gun, appears to us to be to ask that the statement of claim be stricken off, and not to ask for the entry of final judgment for defendant.

And now, Oct. 1, 1921, after argument and due consideration, judgment in favor of the defendant upon the statutory demurrer is denied; but the court, being of opinion that the statement of claim as amended is not so drawn as to conform to the provisions of the Practice Act of 1915, and treating the affidavit of defence as equivalent to a motion to strike off, does hereby order that said statement of claim be and the same hereby is stricken from the record, with leave to the plaintiff to file a new statement of claim in its place.

From Harry D. Hamilton, Washington, Pa.